UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY DALE WYATT, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DALLAS, DALLAS COUNTY, | § | CIVIL ACTION NO. |
| DALLAS POLICE OFFICERS | § | 3:14-CV-1717-B |
| J.J. COUGHLIN, CURTIS WATTS, | § | |
| MACDONALD, J.H. CAWTHON, AND | § | |
| SARAH B. WILLIAMS, a/k/a, | § | |
| SALLY WILLIAMS, | § | |
| Defendants. | § | |

## DEFENDANT J.J. COUGHLIN'S ANSWER TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

The Defendant, former Dallas Police officer J.J. Coughlin ("Coughlin"), files his answer and defenses to the Plaintiff Ricky Dale Wyatt's ("Wyatt") First Amended Complaint ("Complaint") (ECF #27).

## ANSWER TO THE FIRST AMENDED COMPLAINT

1.1    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint.

1.2    Mr. Coughlin denies the allegations regarding the Dallas Police Department in the first sentence of paragraph 2 of the Complaint.  Mr. Coughlin lacks the knowledge or information sufficient to form a belief about the truth of the allegations in the balance of paragraph 2 of the Complaint.

1.3    Mr. Coughlin denies the allegations in paragraph 3 of the Complaint.

1.4    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 4 of the Complaint.  Mr. Coughlin

denies the allegations in the second sentence of paragraph 4 of the Complaint, and particularly denies the second sentence of paragraph 4 of the Complaint as to himself.

    1.5    With respect to the allegations in paragraph 5 of the Complaint, Mr. Coughlin pleads as follows:

        1.5.1  Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 5 of the Complaint.

        1.5.2  Mr. Coughlin admits the allegations in sentences 2 and 3 of paragraph 5 of the Complaint.

        1.5.3  Mr. Coughlin denies the allegations in the final sentence of paragraph 5 of the Complaint as to himself.

    1.6    Upon information and belief, Mr. Coughlin denies the allegations in paragraph 6 of the Complaint.

    1.7    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint.

    1.8    Upon information and belief, Mr. Coughlin denies the allegations in paragraph 8 of the Complaint.

    1.9    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint.

    1.10    Other than the allegation that Mr. Wyatt has been released from prison, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint.

    1.11    Mr. Coughlin admits the allegations in paragraph 11 of the Complaint.

    1.12    Mr. Coughlin admits the allegations in paragraph 12 of the Complaint.

    1.13    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Complaint.

1.14    Mr. Coughlin admits the allegations in paragraph 14 of the Complaint.

1.15    Mr. Coughlin admits to the allegations in the first sentence of paragraph 15 of the Complaint.  However, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in the balance of paragraph 15 of the Complaint.

1.16    Mr. Coughlin admits the allegations in the first two sentences of paragraph 16 of the Complaint.  Mr. Coughlin further admits the allegation that he is a resident of the state of Texas.  The final clause of the final sentence of paragraph 16 of the Complaint does not plead matters that require an answer.  To the extent that an answer is nonetheless required, Mr. Coughlin acknowledges that Mr. Wyatt sues him in his individual capacity.

1.17    Mr. Coughlin admits the allegations in the first sentence of paragraph 17 of the Complaint.  The final sentence of paragraph 17 of the Complaint does not plead matters that require an answer.  To the extent that an answer is nonetheless required, Mr. Coughlin acknowledges that Mr. Wyatt sues Curtis Watts ("Watts") in his individual capacity.

1.18    Mr. Coughlin admits the allegations in the first sentence of paragraph 18 of the Complaint.  The final sentence of paragraph 18 of the Complaint does not plead matters that require an answer.  To the extent that an answer is nonetheless required, Mr. Coughlin acknowledges that Mr. Wyatt sues Mr. McDonald ("McDonald") in his individual capacity.

1.19    Mr. Coughlin admits the allegations in the first sentence of paragraph 19 of the Complaint.  The final sentence of paragraph 19 of the Complaint does not plead matters that require an answer.  To the extent that an answer is nonetheless required, Mr. Coughlin acknowledges that Mr. Wyatt sues Mr. J.H. Cawthon ("Cawthon") in his individual capacity.

1.20    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 20 of the Complaint.  The final sentence

of paragraph 20 of the Complaint does not plead matters that require an answer.  To the extent that an answer is nonetheless required, Mr. Coughlin acknowledges that Mr. Wyatt sues Ms. Sally B. Williams ("Williams") in her individual capacity.

1.21    Mr. Coughlin lacks recollection, knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint.

1.22    Mr. Coughlin presently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint.

1.23    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint.

1.24    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint.

1.25    Mr. Coughlin presently lacks knowledge or information sufficient to form a belief about the truth of the vague allegations in paragraph 25 of the Complaint.

1.26    Mr. Coughlin lacks recollection, knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint.

1.27    Mr. Coughlin lacks recollection, knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint.

1.28    Mr. Coughlin presently lacks recollection, knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint.

1.29    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 29 of the Complaint.  Mr. Coughlin denies the allegations in the balance of paragraph 29 of the Complaint.

1.30    Mr. Coughlin denies the allegations in paragraph 30 of the Complaint.

1.31    Mr. Coughlin presently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint.

1.32    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of paragraph 32 of the Complaint with respect to the awareness of other unidentified persons, and denies the allegations as to himself.  Mr. Coughlin denies the allegations in the balance of paragraph 32 of the Complaint.

1.33    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint.

1.34    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint.

1.35    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint.

1.36    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint.

1.37    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Complaint.

1.38    Mr. Coughlin lacks recollection, knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint.

1.39    Mr. Coughlin presently lacks recollection, knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Complaint.

1.40    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Complaint.

1.41    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 41 of the Complaint.

     1.42    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint.  However, Mr. Coughlin denies the allegations in paragraph 42 that he fabricated any part of his testimony.

     1.43    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint.  However, Mr. Coughlin denies the allegations in paragraph 43 that he fabricated or concealed any evidence, or manipulated persons to falsely identify Mr. Wyatt.

     1.44    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Complaint.  However, Mr. Coughlin denies the allegations in paragraph 44 that he concealed any evidence, including a fingerprint card from Mr. Wyatt's arrest.

     1.45    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint.  However, Mr. Coughlin denies the allegations in paragraph 45 that he concealed any evidence, including a photograph of Mr. Wyatt.

     1.46    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Complaint.  However, Mr. Coughlin denies the allegations in paragraph 46 that he concealed any evidence, including a police report.

     1.47    Mr. Coughlin denies the allegations in paragraph 47 of the Complaint.

     1.48    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 of the Complaint.  However, Mr. Coughlin denies the allegations in paragraph 48 that Mr. Wyatt was convicted on fabricated and concealed evidence.

1.49     Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 of the Complaint.  However, upon information and belief, Mr. Coughlin denies the allegations in paragraph 49 that the Dallas Police Department fabricated and concealed evidence.

1.50     Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint.

1.51     Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Complaint.

1.52     Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 of the Complaint.

1.53     Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of the Complaint.

1.54     Mr. Coughlin admits the allegations in paragraph 54 of the Complaint.

1.55     Paragraph 55 of the Complaint merely incorporates by reference the preceding paragraphs of the Complaint.  Therefore, Mr. Coughlin answers by incorporating by reference the preceding paragraphs of this answer.

1.56     Mr. Coughlin admits the allegations of the first sentence of paragraph 56 of the Complaint.  However, Mr. Coughlin denies the allegations in the balance of paragraph 56 of the Complaint.

1.57     Mr. Coughlin denies the allegations in paragraph 57 of the Complaint.

1.58     Mr. Coughlin denies the allegations in paragraph 58 of the Complaint.

1.59     Mr. Coughlin denies the allegations in paragraph 59 of the Complaint.

1.60     Mr. Coughlin denies the allegations in paragraph 60 of the Complaint.

1.61    Mr. Coughlin denies the allegations in paragraph 61 of the Complaint.

1.62    Mr. Coughlin denies the allegations in paragraph 62 of the Complaint.

1.63    Mr. Coughlin denies the allegations in paragraph 63 of the Complaint.

1.64    Mr. Coughlin denies the allegations in paragraph 64 of the Complaint.

1.65    Mr. Coughlin denies the allegations in paragraph 65 of the Complaint.

1.66    Mr. Coughlin denies the allegations in paragraph 66 of the Complaint.

1.67    Mr. Coughlin denies the allegations in paragraph 67 of the Complaint.

1.68    Mr. Coughlin denies the allegations in paragraph 68 of the Complaint.

1.69    Mr. Coughlin denies the allegations in paragraph 69 of the Complaint.

1.70    Mr. Coughlin denies the allegations in paragraph 70 of the Complaint.

1.71    Mr. Coughlin denies the allegations in paragraph 71 of the Complaint.

1.72    The allegations pleaded in paragraph 72 of the Complaint do not pertain to Mr. Coughlin.    To the extent that an answer is nonetheless required, Mr. Coughlin denies the allegations in paragraph 72 of the Complaint.

1.73    The allegations pleaded in paragraph 73 of the Complaint do not pertain to Mr. Coughlin.    To the extent that an answer is nonetheless required, Mr. Coughlin denies the allegations in paragraph 73 of the Complaint.

1.74    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 of the Complaint.

1.75    The allegations pleaded in paragraph 75 of the Complaint do not pertain to Mr. Coughlin.    To the extent that an answer is nonetheless required, Mr. Coughlin denies the allegations in paragraph 75 of the Complaint.

1.76    The allegations pleaded in paragraph 76 of the Complaint do not pertain to Mr.

Coughlin.    To the extent that an answer is nonetheless required, Mr. Coughlin denies the allegations in paragraph 76 of the Complaint.

1.77    Mr. Coughlin denies the allegations pleaded in the first sentence of paragraph 77 of the Complaint.  Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in the balance of paragraph 77 of the Complaint.

1.78    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in paragraph 78 of the Complaint.

1.79    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in paragraph 79 of the Complaint.

1.80    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in paragraph 80 of the Complaint.

1.81    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in paragraph 81 of the Complaint.

1.82    Mr. Coughlin denies the allegations pleaded in paragraph 82 of the Complaint.

1.83    Mr. Coughlin admits the allegations pleaded in the first sentence of paragraph 83 of the Complaint.  Mr. Coughlin denies the allegations pleaded in the balance of paragraph 83 of the Complaint.

1.84    Mr. Coughlin admits the allegations pleaded in the first sentence of paragraph 84 of the Complaint.  Mr. Coughlin denies the allegations pleaded in the balance of paragraph 84 of the Complaint.

1.85    Mr. Coughlin admits the allegations pleaded in the first sentence of paragraph 85 of the Complaint.   Mr. Coughlin denies the allegations pleaded in the second sentence of paragraph 85 of the Complaint.  Mr. Coughlin lacks knowledge or information sufficient to form

a belief about the truth of the allegations pleaded in the third sentence of paragraph 85 of the Complaint.

1.86    Mr. Coughlin admits the allegations pleaded in the first sentence of paragraph 86 of the Complaint.   Mr. Coughlin denies the allegations pleaded in the second sentence of paragraph 86 of the Complaint.  Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in the balance of paragraph 86 of the Complaint.

1.87    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in paragraph 87 of the Complaint.

1.88    Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations pleaded in paragraph 88 of the Complaint.   Regarding the second sentence of paragraph 88 of the Complaint, Mr. Coughlin denies the allegations that he participated in a vote as to whether he would back up Clark if he were "in trouble in the streets," however, he lacks knowledge or information sufficient to form a belief about the truth of those allegations as they pertain to other officers.

1.89    With respect to the allegations in paragraph 89 of the Complaint, Mr. Coughlin pleads as follows:

1.89.1 Mr. Coughlin denies the allegations regarding retaliating against Officer Clark as pleaded in the first sentence of paragraph 89 of the Complaint.

1.89.2 Regarding the second sentence of paragraph 89 of the Complaint, Mr. Coughlin denies the allegations that he participated in mocking Officer Clark, however, he lacks knowledge or information sufficient to form a belief about the truth of those allegations as they pertain to other officers.

1.89.3 Mr. Coughlin lacks knowledge or information sufficient to form a belief about the allegations in the third and fourth sentences of paragraph 89 of the Complaint.

1.89.4 Mr. Coughlin denies the allegations pleaded in the fifth and sixth

sentences of paragraph 89 of the Complaint.

1.90     Mr. Coughlin denies the allegations pleaded in the first sentence of paragraph 90 of the Complaint.  Mr. Coughlin lacks the knowledge or information sufficient to form a belief about the allegations in the balance of paragraph 90 of the Complaint.

1.91     Mr. Coughlin denies the allegations pleaded in the first sentence of paragraph 91 of the Complaint.   Regarding the second sentence of paragraph 91 of the Complaint, Mr. Coughlin denies the allegations that he testified falsely against Mr. Wyatt, but admits the allegations that he was assigned to the Public Integrity Unit.  Mr. Coughlin denies the allegations pleaded in the third sentence of paragraph 91 of the Complaint.

1.92     Mr. Coughlin denies the allegations pleaded in the first sentence of paragraph 92 of the Complaint.  Mr. Coughlin cannot form an answer to much of the second sentence of paragraph 92 of the Complaint as it is too grammatically too difficult to understand.  However, Mr. Coughlin denies the final portion of the second sentence of paragraph 92 of the Complaint that alleges Mr. Wyatt was damaged as a result of the City of Dallas' policies, customs, and practices.

1.93     The allegations pleaded in paragraph 93 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93 of the Complaint.

1.94     The allegations pleaded in paragraph 94 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94 of the Complaint.

1.95     The allegations pleaded in paragraph 95 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations The allegations pleaded in paragraph 95 of the Complaint do not pertain to Mr. Coughlin.

1.96     The allegations pleaded in paragraph 96 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96 of the Complaint.

1.97     The allegations pleaded in paragraph 97 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97 of the Complaint.

1.98     The allegations pleaded in paragraph 98 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98 of the Complaint.

1.99     The allegations pleaded in paragraph 99 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99 of the Complaint.

1.100   The allegations pleaded in paragraph 100 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100 of

the Complaint.

1.101   The allegations pleaded in paragraph 101 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101 of the Complaint.

1.102   The allegations pleaded in paragraph 102 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102 of the Complaint.

1.103   The allegations pleaded in paragraph 103 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10386 of the Complaint.

1.104   The allegations pleaded in paragraph 104 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104 of the Complaint.

1.105   The allegations pleaded in paragraph 105 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105 of the Complaint.

1.106   The allegations pleaded in paragraph 106 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge

or information sufficient to form a belief about the truth of the allegations in paragraph 106 of the Complaint.

1.107   The allegations pleaded in paragraph 107 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107 of the Complaint.

1.108   The allegations pleaded in paragraph 108 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108 of the Complaint.

1.109   The allegations pleaded in paragraph 109 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109 of the Complaint.

1.110   The allegations pleaded in paragraph 110 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110 of the Complaint.

1.111   The allegations pleaded in paragraph 111 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111 of the Complaint.

1.112   The allegations pleaded in paragraph 112 of the Complaint do not pertain to Mr.

Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112 of the Complaint.

1.113   The allegations pleaded in paragraph 113 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113 of the Complaint.

1.114   The allegations pleaded in paragraph 114 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114 of the Complaint.

1.115   The allegations pleaded in paragraph 115 of the Complaint do not pertain to Mr. Coughlin.  To the extent that an answer is nonetheless required, Mr. Coughlin lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98 of the Complaint.

1.116   Mr. Coughlin denies the allegations in paragraph 100 of the Complaint.

1.117   With respect to the request contained paragraph 101 of the Complaint, Mr. Coughlin also requests a trial by jury.

## II.  DEFENSES

2.1     Mr. Coughlin pleads that Mr. Wyatt fails to state a claim against him upon which relief can be granted for a supposed deprivation of rights arising under 42 U.S.C. § 1983.

2.2     Mr. Coughlin pleads that, if Mr. Wyatt has suffered damages, those damages are the proximate result of Mr. Wyatt's unlawful conduct.  Mr. Coughlin pleads further that Mr. Wyatt's own illegal, intentional, knowing, reckless and/or negligent actions were the proximate

cause of the occurrence or incident in question and of any alleged resulting injury to Mr. Wyatt.

2.3     Mr. Coughlin pleads that he was at all relevant times a public or government official: to wit, a police officer, employed at the time of the incident in question by the City of Dallas; is entitled to qualified immunity from suit and from damages in the present cause; and that on the occasion in question, he acted without objective malice and without an intent to deprive Mr. Wyatt of any legally protected rights.  Mr. Coughlin had an objectively reasonable, good faith belief that his actions were lawful, proper, and within and pursuant to the scope of his discretionary authority as a police officer, and that Mr. Coughlin's actions were objectively reasonable under the circumstances known to Mr. Coughlin when he acted.  Mr. Coughlin pleads further that he was not plainly incompetent, and he did not violate clearly established law of which a reasonable person would have known.

2.4     Mr. Coughlin pleads that he is not liable to Mr. Wyatt because the statute of limitations bars Mr. Wyatt's claims.

2.5     Alternatively, Mr. Coughlin pleads that Mr. Wyatt's claims have not yet accrued.

### III.  COUNTERCLAIM

3.1     Pursuant to 42 U.S.C. §§ 1983 and 1988, Mr. Coughlin asserts a counterclaim for his reasonable costs, including attorney's fees, incurred in defending the claims pleaded against him in the Complaint.  Mr. Coughlin incorporates by reference the admissions, denials, and pleadings contained in this answer.

3.2     Mr. Coughlin would show that Mr. Wyatt's claims against him in his Complaint are frivolous, groundless, and/or brought for purposes of harassment.  Mr. Wyatt's allegations and legal contentions regarding Mr. Coughlin's alleged misconduct are without evidentiary support, and Mr. Wyatt was were aware that his claims lacked evidentiary support and legal

merit at the time that he filed his Complaint.

## IV.  DEMAND FOR JURY TRIAL

4.1      Mr. Coughlin respectfully demands a jury trial as to all issues so triable.

For these reasons, the Defendant, J.J. Coughlin, asks that the Court deny all relief requested by Mr. Wyatt; dismiss with prejudice Mr. Wyatt's claims against him; render judgment that Mr. Wyatt take nothing from this action, judgment against Mr. Wyatt and in favor of Mr. Coughlin for Mr. Coughlin's attorney's fees and costs; and for all such other relief to which Mr. Coughlin is entitled.

Respectfully submitted,

WARREN M. S. ERNST
Dallas City Attorney

*/s/Grant Hugh Brenna*
Senior Assistant City Attorney
Texas Bar No. 00789170
grant.brenna@dallascityhall.com

Jason G. Schuette
Executive Assistant City Attorney
Texas Bar No. 17827020
jason.schuette@dallascityhall.com

Tatia R. Wilson
Senior Assistant City Attorney
Texas Bar No. 00795793
tatia.wilson@dallascityhall.com

James C. Butt
Senior Assistant City Attorney
Texas Bar No. 24040354
james.butt@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas  75201
Telephone:  214-670-3519
Telecopier:  214-670-0622

**ATTORNEYS FOR THE DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on September 23, 2014, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Joseph J. Mastrogiovanni, Jr.
Mastrogiovanni Mersky & Flynn, P.C.
2001 Bryan Street, Suite 1250
Dallas, Texas  75201
*Attorney for Plaintiff*

John Wesley Raley, III
Robert M. Bowick
Seth Hopkins
Raley & Bowick, LLP
1800 Augusta Drive, Suite 300
Houston, Texas  77057
*Attorneys for Plaintiff*

Peter J. Harlan
Teresa Guerra-Snelson
Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., 11th Floor
Suite C4-2 LB 19
Dallas, Texas  75207
*Attorneys for Defendants Dallas County,*
*Southwestern Institute of Forensic Sciences,*
*and Sarah B. Williams*

/s/Grant Hugh Brenna
Senior Assistant City Attorney